UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KAREN M. SUOZZO,**

    Plaintiff,

v.                                      **Case No.: 8:05-CV-1687-T-24EAJ**

**JO ANNE BARNHART,**
Commissioner of Social
Security

    Defendant.
_____/

**O R D E R**

On February 1, 2006, this court directed Plaintiff to serve the summons and complaint in this case no later than February 14, 2006 (Dkt. 9). Plaintiff subsequently filed documents in response to the court's order (Dkts. 10, 11, 12, 13). These documents are inadequate to establish proof of service. Based on the reasons set forth below, Plaintiff is directed to file a memorandum of law or other appropriate documents with the court by April 10, 2006, to establish that Plaintiff's method and proofs of service comply with Fed. R. Civ. P. 4.

<u>I. Procedural History</u>

Plaintiff filed a complaint against the Social Security Commissioner on September 9, 2005. The record did not reflect service on Defendant, and on January 23, 2006, the court ordered Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute. Plaintiff then attempted to serve Defendant on January 27, 2006 and filed several returns of service with the court,

which the clerk terminated because service had not been completed.[1] On January 31, 2006, Plaintiff filed a response to the order to show cause, in which she stated that she inadvertently failed to have the clerk issue the summons, and as a consequence the summons and complaint were never served.

On February 1, 2006, the court ordered Plaintiff to serve Defendant by February 14, 2006. The court noted that failure to serve the documents by February 14 would result in the recommendation to the District Judge that the case be dismissed for failure to prosecute. On February 13, 2006, Plaintiff filed three "Proofs of Service" and one "Return of Service" with the court.  However, Plaintiff's proofs of service are "Track & Confirm" slips from the United States Postal Service online tracking system and do not contain any information to identify the sender, the package or its contents, the addressee, or who received or signed for the package. There is also no evidence that Plaintiff's service on Defendant complied with the requirements of serving an agency of the United States in accordance with Rule 4.  Therefore, the court finds that the documents filed by Plaintiff are inadequate proof of service.

II. Burden of Proof

Plaintiff has the burden of proving that service of process was proper. <u>Lazaro v. U.S. Dept. of Agric.</u>, 186 F. Supp. 2d 1203, 1217 (M.D. Fla. 2001).  Although Plaintiff filed "Track & Confirm" slips from the United States Postal Service to prove service, there is nothing in the record reflecting that Defendant was properly served.

Therefore, upon consideration, the court orders Plaintiff to file with the court a memorandum

---

[1] It is not clear from the record why the clerk terminated the returns of service; however, by January 27, 2006, Plaintiff had failed to comply with Fed. R. Civ. P. 4(m), which requires service of the summons and complaint on a defendant within 120 days after the filing of the complaint. Plaintiff's failure to comply with Rule 4(m) prompted the court to issue the show cause order.

of law by April 10, 2006, establishing that these "Track & Confirm" slips are sufficient to prove service of process on the necessary defendants in accordance with Fed. R. Civ. P. 4. Alternatively, Plaintiff may, within the same time period, supplement the record by filing such additional documents as will reflect proof of service in compliance with Rule 4.

DONE and ORDERED in Tampa, Florida on this 21st day of March, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

Copies to:
All parties
Counsel of Record

3